IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**GINGER BEELER, Individually and on Behalf of All Others Similarly Situated**                              **PLAINTIFF**

vs.                          No. 5:21-cv-634

**COLONIAL MANAGEMENT GROUP, L.P., and METRO TREATMENT OF TEXAS, L.P.**                              **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Ginger Beeler ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendant Colonial Management Group, L.P., and Metro Treatment of Texas, L.P. (collectively "Defendants" or "Defendant"), she states and alleges as follows:

### I.     PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policies and practice of failing to pay proper overtime compensation under the FLSA.

## II.     JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant employed Plaintiff within Bexar County. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

5. Plaintiff is an individual and resident of Bexar County.

6. Separate Defendant Colonial Management Group, L.P. ("Colonial Management"), is a Delaware limited partnership, headquartered in Florida.

7. Upon information and belief, Colonial Management is not registered to do business in Texas.

8. Colonial Management's registered agent for service of process in Florida is Registered Agent Solutions, Inc., at 155 Office Plaza Drive, Suite A, Tallahassee, Florida 32301.

9. Separate Defendant Metro Treatment of Texas, L.P. ("Metro Treatment"), is a Delaware limited partnership, registered to do business in Texas.

10. Metro Treatment's registered agent for service of process is Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

11. Defendants do business as New Season and as Northwest San Antonio Treatment Center.

12. Defendants, in the course of their business, maintain a website at https://www.newseason.com/.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. Defendant owns and operates addiction recovery centers throughout the United States.

15. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

16. Upon information and belief, the revenue generated from Colonial Management and Metro Treatment was merged and managed in a unified manner.

17. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

18. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

19. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

20. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

21. At all times material herein, Plaintiff has regularly worked with or handled instrumentalities of interstate commerce, such as cell phones and the internet.

22. Defendant employed Plaintiff as an hourly-paid employee from June of 2019 until February of 2020 at Defendant's location in San Antonio.

23. Plaintiff was employed as a Licensed Chemical Dependency Counselor ("Counselor") and was primarily responsible for providing addiction recovery services to Defendant's clients.

24. Defendant also employed other hourly-paid employees as Counselors within the three years preceding the filing of this lawsuit.

25. Other Counselors had the same or substantially similar job duties as Plaintiff.

26. At all relevant times herein, Defendant directly hired hourly-paid Counselors to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

27. Plaintiff and other Counselors recorded some of their hours worked using Defendant's electronic time keeping system.

28. Plaintiff regularly worked hours over 40 each week.

29. Upon information and belief, other Counselors also worked hours over 40 each week.

30. Plaintiff and other Counselors regularly worked hours which went unrecorded and uncompensated.

31. Defendant discouraged Plaintiff and other Counselors from working hours over 40 each week.

32. Plaintiff and other Counselors were required to meet certain productivity goals in the form of billable hours each week.

33. In order to meet their productivity goals, Plaintiff and other Counselors were required to log so many appointments with Defendant's clients that they could not also complete the necessary paperwork in under 40 hours per week.

34. When Counselors did not meet their productivity goals, they were disciplined by Defendant.

35. Plaintiff was required to complete patient paperwork after her shift was over.

36. This paperwork was submitted electronically using Defendant's database.

37. Upon information and belief, paperwork completed by Plaintiff and other Counselors was timestamped.

38. On average, Plaintiff estimates she worked up to five or ten hours each week completing paperwork which went unrecorded and uncompensated.

39. Upon information and belief, other Counselors were also required to complete patient paperwork off the clock, and they worked a similar number of hours as Plaintiff which went unrecorded and uncompensated.

40. Defendant's pay practices were the same for all hourly Counselors.

41. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

42. Defendant knew or should have known that Plaintiff and other Counselors were working hours which went unrecorded and uncompensated.

43. At all relevant times herein, Defendant has deprived Plaintiff and similarly situated Counselors of sufficient overtime compensation for all of the hours worked over forty per week.

44. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

45. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

46. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated, and any other employees who performed the same or similar work, regardless of job title, who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A.   Regular wages and overtime premiums for all hours worked over forty hours in any week;

   B.   Liquidated damages; and

   C.   Attorney's fees and costs.

47. Plaintiff proposes the following collective under the FLSA:

   **All hourly paid Counselors within the past three years.**

48. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

49. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

50. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They were paid hourly;

    B.    They had substantially similar job duties and responsibilities; and

    C.    They were subject to Defendant's common policy of requiring them to complete patient charting and other administrative work off the clock.

51. Plaintiff is unable to state the exact number of the collective but believes that it exceeds 1,000 persons.

52. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

53. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

54. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.  FIRST CLAIM FOR RELIEF
**(Individual Claim for Violation of the FLSA)**

55. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

56. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

57. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

58. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

59. Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

60. Defendant failed to pay Plaintiff for all hours worked, including 1.5x her regular rate for all hours worked in excess of forty hours per week.

61. Defendant knew or should have known that its actions violated the FLSA.

62. Defendant's conduct and practices, as described above, were willful.

63. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

64. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

65. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

66. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

67. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

68. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

69. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

70. Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

71. Defendant failed to pay Plaintiff and similarly situated employees for all hours worked, including 1.5x their regular rate for all hours worked in excess of 40 hours per week.

72. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over 40 per week, in violation of the FLSA.

73. Defendant knew or should have known that its actions violated the FLSA.

74. Defendant's conduct and practices, as described above, were willful.

75. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

76. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

77. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Ginger Beeler, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA and its related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**GINGER BEELER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com